# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Cervantes, Jr., <br>     Petitioner, <br> v. <br> Charles L Ryan, et al., <br>     Respondents. | No. CV-17-08279-PCT-DLR (JFM) <br><br> **ORDER** |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge James F. Metcalf (Doc. 23) regarding Petitioner's Second Amended Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Doc. 13). The R&R recommends that the petition be denied and dismissed with prejudice. The Magistrate Judge advised the parties that they had fourteen days from the date of service of a copy of the R&R to file specific written objections with the Court. (Doc. at 16.) Petitioner filed an objection to the R&R on March 13, 2019, (Doc. 24), and Respondents filed their response on March 15, 2019 (Doc. 25).

The Court has considered the objections and reviewed the R&R de novo. *See* Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1). The Magistrate Judge correctly found the petition to be untimely. As part of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Congress set a one-year statute of limitations for all applications for writs of habeas corpus filed pursuant to § 2254 challenging convictions and sentences rendered by

state courts. 28 U.S.C. § 2244(d). Petitioner did not meet that one-year limitation.

Petitioner's one-year habeas limitations period began to run on the date the judgment became final by conclusion of direct review and was extended for ninety days, the time available to seek review. Direct review concluded on May 30, 2012, when the Arizona Supreme Court denied Petitioner's petition for review. The time for seeking review expired 90 days later, on August 28, 2012, when Petitioner failed to file a petition for writ of certiorari. The one-year limitations period therefore expired on August 28, 2013.

Petitioner filed his original petition (Doc. 1) on December 27, 2017, nearly four years after the expiration of the one-year limitations period. The R&R correctly calculated the times involved and made assumptions in Petitioner's favor regarding the time of filing. The R&R correctly concluded that the petition is untimely, as it was not filed anywhere near the one-year deadline.

Petitioner's objection includes the blatantly false argument that there is no judgment of a state court and that "a judgment of a State Court <u>does NOT</u> appear in the record . . . ." (Doc. 24 at 1) (emphasis in original). The Yavapai County Superior Court's written Judgment of Guilt and Sentence was rendered, signed by the trial judge, and entered by the clerk of court on September 20, 2010. (Doc. 20-2 at 71.) Further, the fact that a judgment was entered by the state court is well-settled and has never been an issue, admitted by Petitioner, and acknowledged by the Appellate Court. In its memorandum decision, the Arizona Court of Appeals noted that Petitioner had been found guilty by a jury of all twenty-five counts of crimes against children; twenty-one counts of sexual conduct with a minor over twelve years of age, two counts of sexual assault of a minor under fifteen years of age, and two counts of sexual exploitation of minor under fifteen years of age. *State v. Cervates*, No. 1 CA-CR 10-0791, 2011 WL 6652609 (Ariz. Ct. App. Dec. 20, 2011). Petitioner conceded in his opening brief to the Arizona Court of Appeals (Doc. 20-1 at 13) that he stood "before this Court on his direct appeal from 25 convictions involving dangerous crimes against children . . . ." Citing to items in the appellate record, he later

| | |
|---|---|
| 1 | stated in the same brief: "A 12 person jury convicted Appellant of all 25 counts . . . . The |
| 2 | trial court sentenced Appellant to 25 consecutive prison terms . . . ."  (Doc. 20-1 at 14.)  In |
| 3 | his "Petition for Writ of Habeas Corpus" filed in Yavapai Superior Court on December 21, |
| 4 | 2017, Petitioner admits that he "was convicted of 25 counts for dangerous crimes against |
| 5 | children involving sexual conduct with a minor (21 counts), sexual exploitation of a minor |
| 6 | (2 counts), and sexual assault (2counts), and on September 20, 2010, was sentenced to 234 |
| 7 | years, and 13 consecutive terms of life imprisonment."  (Doc. 20-2 at 62.) |
| 8 | Petitioner's objections to the R&R are not legally or factually relevant to the basis |
| 9 | for the Magistrate Judge's recommendation and do not show any basis for additional |
| 10 | statutory tolling, equitable tolling, or actual innocence.  The Court therefore accepts the |
| 11 | recommended decision within the meaning of Federal Rule of Civil Procedure 72(b) and |
| 12 | overrules Petitioner's objections.  *See* 28 U.S.C. § 636(b)(1). |
| 13 | **IT IS ORDERED** that the R&R (Doc. 23) is **ACCEPTED**.  A Certificate of |
| 14 | Appealability and leave to proceed in forma pauperis on appeal are **DENIED** because the |
| 15 | dismissal of the petition is justified by a plain procedural bar and reasonable jurists would |
| 16 | not find the ruling debatable, and because Petitioner has not made a substantial showing of |
| 17 | the denial of a constitutional right.  The Clerk of the Court shall enter judgment denying |
| 18 | and dismissing Petitioner's petition (Doc. 13) with prejudice and shall terminate this action. |
| 19 | Dated this 6th day of May, 2019. |

Douglas L. Rayes
United States District Judge