**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Cervantes, Jr., <br> Petitioner, <br> v. <br> Charles L Ryan, et al., <br> Respondents. | No. CV-17-08279-PCT-DLR <br> **ORDER** |

On May 6, 2019, the Court denied Petitioner's petition for writ of habeas corpus as untimely and entered judgment accordingly. (Docs. 27, 28.) Petitioner subsequently filed two motions: (1) a "Demand for Payment" (Doc. 29), which is denied as meritless and (2) a motion to alter or amend the judgment (Doc. 32). Under Federal Rule of Civil Procedure 59(e), a party can move the Court to amend its judgment within 28 days of entry. Amending a judgment after entry is "an extraordinary remedy which should be used sparingly." *See Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation and quotation omitted). There are four basic grounds upon which a Rule 59(e) motion generally may be granted: (1) to correct manifest errors of law or fact upon which the judgment rests; (2) in response to newly discovered or previously unavailable evidence; (3) to prevent a manifest injustice; and (4) if an intervening change in controlling law undermines the judgment. Petitioner anchors his motion in this first category, arguing that the Court's judgment rested on manifest errors of law or fact. None of the arguments he raises, however, undermine

the Court's determination that his habeas petition was untimely. Accordingly,

**IT IS ORDERED** that Petitioner's "Demand for Payment" (Doc. 29) and motion to alter or amend the judgment (Doc. 32) are **DENIED**.

Dated this 16th day of March, 2020.

Douglas L. Rayes
United States District Judge